IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA SATTERWHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | 2:24-cv-405 |
| | ) | JURY DEMAND |
| LIKKUM, INC., d/b/a | ) | |
| MINIT SHOPS OF SELMA, | ) | |
| ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

# **COMPLAINT**

## I. **INTRODUCTION**

1. This is an action for legal and equitable relief to redress sex harassment against Plaintiff, Patricia Satterwhite. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"), which provides for relief against sex discrimination and harassment and retaliation in employment. Plaintiff seeks injunctive relief, compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. §1981a.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 28 U.S.C. §§2201 and 2202.

3. A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendant within Dallas County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

4. Plaintiff filed her sex discrimination and retaliation charge of discrimination with the EEOC within one hundred and eighty (180) days of the discriminatory/retaliatory treatment and files this suit within ninety (90) days of the receipt of her Conciliation Failure and Notice of Rights from the EEOC dated August 6, 2024.

5. On July 8, 2024, the EEOC determined that "based on the evidence obtained in the investigation, and the record as a whole, it is concluded that there is reasonable cause to conclude that Charging party was discriminated against on the basis of sex (female) and discharged in retaliation for making a protected complaint, in violation of Title VII."

6. Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C §1981a.

## III. PARTIES

7. Plaintiff, Patricia Satterwhite (hereinafter "Satterwhite" or Plaintiff"), is a female citizen of the United States, and a resident of the State of Alabama.

Satterwhite was an employee of Defendant, Likkum, Inc. d/b/a Minit Shops of Selma, Alabama at one of its stores at all times relevant to this litigation.

8. Defendant, Likkum, Inc. d/b/a Minit Shops of Selma, Alabama (hereinafter "Minit" or "Defendant"), is an employer doing business in this district, and at all times relevant to this action, Defendant is the employer of Plaintiff within the meaning of Title VII of the Civil Rights Act of 1964.

## IV. STATEMENT OF FACTS

9. Plaintiff re-alleges and re-pleads the above and incorporates by reference paragraphs 1-8 above with the same force and effect as if fully set out in specific detail herein below.

10. Throughout Plaintiff's employment, she was discriminated against and harassed against by Defendant because of her sex, female. The harassment was continuous throughout Plaintiff's employment.

11. The plaintiff is an African-American female who worked for Defendant at one of its stores located at 500 Cahaba Road, Selma, Alabama.

12. Plaintiff was hired by Defendant in February 2022 to work as a Cashier.

13. Prior to Plaintiff's retaliatory termination, she worked approximately 38-49 hours per week depending on the week.

14. On April 5th and 6th, 2022, Plaintiff was sexually harassed by Danny LNU, who she believed was being trained to be the new Store Manager of the location where she worked.

15. The sexual harassment consisted of, but was not limited to, on April 5th, Danny slapped the plaintiff on the backside and stated, "big bootie." The next day, April 6th, Danny attempted to pull up her shirt. Plaintiff did not welcome Danny's behavior and did not participate at all in the harassment.

16. Plaintiff attempted to report the harassment to the then Manager, Chanel Patel, on April 7, 2022. However, Ms. Patel told the plaintiff she would be back to the store later that day. However, Ms. Patel never returned. So, after the plaintiff's shift on April 7th and because Ms. Patel did not return to take her complaint, Plaintiff filed a police report against Danny for the sexual misconduct.

17. After Plaintiff filed her police report, she forwarded a copy to Ms. Patel to formally report the sexual harassment that she had verbally attempted to report on April 7th; however, Ms. Patel responded to the plaintiff's report/complaint by stating that she already knew she (plaintiff) was going to file a report as 3 people had told her. Instead of investigating Plaintiff's complaint of sexual harassment, Ms. Patel accused Plaintiff of being a "liar and deceitful person . . . who would do anything for money."

4

18. Defendant did not do any investigation into the plaintiff's complaint of sexual harassment and did not take prompt remedial action to stop the harassment.

19. After the exchange of text messages with the Manager Ms. Patel, she took the plaintiff off the schedule and did not responded to any of Plaintiff's text regarding her work schedule.

20. Plaintiff was taken off the schedule and terminated after her complaints of sexual harassment.

V. **CAUSES OF ACTION**

### COUNT ONE: CLAIMS OF SEXUAL HARASSMENT PURSUANT TO TITLE VII

21. Plaintiff was subjected to sexual harassment and subjected to a sexually hostile work environment by Defendant and its Manager Trainee, Danny LNU, along with Manager Chanel Patel.

22. The sexual discrimination and harassment which Plaintiff was subjected included, but is not limited to, sexually inappropriate comments, gestures, touching, as well as other terms and conditions of employment as described in paragraphs 11-20, above. This discriminatory and harassing conduct as described in this Complaint was continuing in nature during the course of Plaintiff's employment with Defendant.

23. The harassment which Plaintiff was subjected to was unwelcome, based on sex, and was severe and pervasive so that it affected the terms and conditions of her employment.

24. Plaintiff was subjected to harassment by management trainees and/or employees and Defendant is liable for such harassment.

25. Plaintiff complained about the sexual harassment and hostile work environment to a member of management, Chanel Patel. Despite her complaints, the harassment continued.

26. Defendant had actual and constructive knowledge of the harassment but failed to take prompt and remedial action.

27. The discrimination and harassment Plaintiff experienced consisted of sexually hostile work environment, including repeated sexually inappropriate comments and sexual gestures along with touching directed towards Plaintiff.

28. As a result of Defendant's conduct and the conduct of its management employees, Plaintiff has suffered emotional distress, embarrassment and humiliation.

29. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

30. Plaintiff was subjected to harassment and discrimination at the hands of Defendant and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT TWO: TERMINATION IN RETALIATION FOR PROTECTED ACTIVITY PURSUANT TO TITLE VII AND 42 U.S.C. §1981

31. Plaintiff, adopts and re-alleges the factual allegations in paragraphs 1-30 above.

32. Plaintiff, an African-American female, engaged in protected activity by making complaints about sex discrimination and sexual harassment to her Manager, Chanel Patel.

33. Plaintiff was taken off the schedule/terminated by Defendant because of her sex and in retaliation for her complaints about sex discrimination and harassment.

34. As a result of this discriminatory and retaliatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

35. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

36. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief. Plaintiff is

now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964.

2. Grant Plaintiff a permanent injunction enjoining Defendant, Defendant's agents, successors, employees, attorneys and those action in concert with Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964.

3. Grant the Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding the position she would have held absent her retaliatory discharge, back-pay plus interest, front-pay in lieu of reinstatement, compensatory, punitive, and/or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

Respectfully submitted,

**/s/ *Kevin W. Jent***
Kevin W. Jent
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
　　FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
205/314-0500


**Defendant's Address:**
To Be Served by Certified Mail
　　Likkum, Inc. d/b/a Minit Shops
　　of Selma, Alabama
　　c/o Registered Agent, Maulikkum Patel
　　1613 Seaton Park
　　Montgomery, Alabama 36701